# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT GREENEVILLE

UNITED STATES OF AMERICA )
)
V. ) NO. 2:08-CR-33
)
JEFF F. TILLOTSON )

# **O R D E R**

The defendant has filed a motion *in limine* in which he requests that the court prohibit the United States from "publishing," i.e., exhibiting to the jury, any pornographic materials obtained from defendant's computer or devices. (Doc. 30). This motion has been referred to the magistrate judge pursuant to the standing order of this Court and 28 U.S.C. § 636. A hearing was held on November 6, 2008.

In support of his motion, defendant recites that he "does not contest that these images constitute child pornography" and, in view of that stipulation, he argues that the actual images themselves are irrelevant.

Neither side may force a stipulation upon the other. Stated another way, one party to a suit may not force the other party to accept a proffered stipulation. The United States has an extraordinary burden of proof in this case - it must prove the defendant guilty beyond any reasonable doubt. In this regard, it has a right, within certain limitations, to present as it sees fit relevant evidence of defendant's guilt. *See, Old Chief v. United States,* 519 U.S. 172, 186 (1997). "A convincing tale can be told with economy, but when economy becomes a break in the

natural sequence of narrative evidence, an assurance that the missing link is really there is never more than second best." *Id.*, 189.

Of course, *Old Chief* is the exception that proves the rule, and *Old Chief* is limited to its own peculiar facts: a prosecution for felon in possession of a firearm.

The United States has the right to demonstrate, if it can, that defendant's computer contained images of child pornography because "[a] syllogism is not a story, and a naked proposition in a courtroom may be no match for the robust evidence that would be used to prove it." *Old Chief,* 519 U.S. at 189. In a case involving an identical situation, the Sixth Circuit Court of Appeals, in a far more articulate manner, reached the same conclusion. *United States v. Caldwell*, 1999 WL 238655 (1999).

Obviously, the United States might attempt overkill, but that is a matter left to the discretion of the district judge who will try the case.

The motion *in limine* is DEFERRED to the district judge.

SO ORDERED:


　　　　　___s/ Dennis H. Inman___
　　　　　United States Magistrate Judge

Tillotson, Jeff5-33

2