UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | NO. 2:08-CR-33 |
| | ) | |
| JEFF F. TILLOTSON | ) | |

**REPORT AND RECOMMENDATION**

The defendant has filed a motion to dismiss Count Four of the indictment. (Doc. 68). This motion has been referred to the United States Magistrate Judge under the standing orders of this Court and pursuant to 28 U.S.C. § 636(b). An evidentiary hearing was held on November 6, 2008.

Count Four of the indictment charges defendant with being an unlawful user and addict of a controlled substance and possessing a firearm. His motion is premised on the recent Supreme Court decision in *District of Columbia v. Heller*, 554 U.S. ___, 128 S.Ct. 2783 (2008), which overturned a District of Columbia law that had the practical effect of outlawing handgun possession. Defendant argues that in light of *Heller*, the statute under which defendant is charged in Count Four[1] should be subjected to "strict scrutiny" and declared unconstitutional. The defendant contends that the words "unlawful user" in the statute are unconstitutionally vague under a strict scrutiny review because (1) there is no statutory definition of those words; (2) there is no common and ordinary meaning of the

---

[1] 18 U.S.C.§ 922(g)(3).

words; (3) there is nothing in the legislative history of the statute that would indicate what Congress meant by using the words; and (4) there is no criteria from which the jury can determine that a defendant is an unlawful user. In other words, how often must one use a controlled substance before he becomes an "unlawful user?" How much of it must he use it?

As an initial matter, the Supreme Court in *Heller* pointed out that the rights secured by the Second Amendment are not unlimited: "[N]othing in our opinion should be taken to cast doubt on long-standing prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings . . . ." 128 S.Ct. at 2816-17.

Under a strict scrutiny analysis, *maybe* the suggestion that "unlawful user" should be more precisely defined would have some merit. But, without strict scrutiny, unlawful user is well-defined: if a person uses a controlled substance unlawfully, then that person is an unlawful user. When a "strict scrutiny" argument was presented to the district court for the Western District of Wisconsin, it was quickly rejected. *See, United States v. Yancey*, 2008 WL 4534201, (W.D. Wisc. 2008), and cases cited therein:

> If the government proves . . . that defendant is an unlawful user of a controlled substance and that he was in knowing possession of a firearm, a jury could find defendant guilty of violating 18 U.S.C.§ 922(g)(3). Such a conviction would not violate the Second Amendment to the United States Constitution. Nothing in *Heller* restricts the federal government from criminalizing the possession of firearms by unlawful users of controlled substances.

2008 WL 4534201 at * 2.

It is respectfully recommended that defendant's motion to dismiss Count Four be denied.[2]

Respectfully submitted,

s/ Dennis H. Inman
United States Magistrate Judge

Tillotson, Jeff1-33

---

[2] Any objections to this report and recommendation must be filed within ten (10) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).